IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00347-RPM

EDWARD J. KLEN,
STEPHEN J. KLEN,
DIVERSE CONSTRUCTION, INC., a Colorado Corporation, and
HOLSTEIN SELF-SERVICE STORAGE, LLC, Organized under Colorado Law,

    Plaintiffs,

v.

CITY OF LOVELAND, COLORADO, a Colorado Municipal Corporation,
THOMAS HAWKINSON, CITY OF LOVELAND BUILDING OFFICIAL,
in his individual and official capacities,
GREG GEORGE, CITY OF LOVELAND, COMMUNITY SERVICES DIRECTOR,
in his individual and official capacities,
JOHN R. DUVAL, CITY OF LOVELAND ATTORNEY,
in his individual and official capacities,
KRISTINE BURNS, CITY OF LOVELAND BUILDING PERMIT COORDINATOR,
in her individual and official capacities,
DAVID SPRAGUE, CITY OF LOVELAND PLANS REVIEWER,
in his individual and official capacities,
CINDY WORAYETH. CITY OF LOVELAND EMPLOYEE,
in her individual and official capacities,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

Edward and Stephen Klen, brothers, and their family owned corporations, Diverse Construction, Inc., and Holstein Self-Service Storage, LLC, ("Klens") brought this civil action seeking more than one million dollars in economic losses and other compensatory damages claimed to have resulted from a ten-month delay in obtaining a building permit for a commercial building in a development in Loveland, Colorado ("City") referred to as Phase II of the Anasazi

1

Park Industrial Development. Exercising the jurisdiction provided by 28 U.S.C. § 1331, the plaintiffs contend that the named individual defendants abused their authority as City officers and employees by intentionally and maliciously disrupting the normal process for review of the plaintiffs' application. Each of the defendants filed a motion for summary judgment after discovery was completed. The plaintiffs responded and oral argument was heard.

Many of the plaintiffs' factual assertions are contested. The core facts that are not contested are in the following narrative paragraphs.

The Klens are established developers and builders in the Loveland area, well known to the City's planning and building divisions. They successfully constructed condominiums in a subdivision known as Anasazi Park Industrial Park. In early 2004, the Klens contacted the planning division to begin the process of obtaining approval for construction of a commercial building housing tenants including an indoor gun range and a martial arts studio. Under Loveland's zoning code, those uses required a special review for discretionary approval because they were not among the uses by right in an industrial zone.

On July 6, 2004, the Klens submitted a full set of plans to the Loveland Building Division. Thomas Hawkinson was the building official authorized to issue building permits. Sherry Albertson-Clark was the City Planning Director, responsible for compliance with the zoning code.

On August 12, 2004, the Klens submitted revised plans, eliminating the tenant finish to obtain a "core and shell" permit for construction of the building as a use by right. The City customarily approved industrial building construction in incremental stages beginning with site clearing, then footings and foundation, followed by the core and shell of the structure with final

finish for the completed project. Because the special use review was required only for the gun range and martial arts uses, the revised plans were appropriate for a core and shell permit to be issued before completion of the special use review.

Anticipating the issuance of the core and shell permit within the expected 6 to 8 weeks' time, the Klens cleared the site and began preliminary work in October, 2004. The Klens closed on a construction loan for the project on November 22, 2004.

They began work on the foundation and were pouring cement on December 28, 2004, when building inspector Richard Hoskinson served a stop work order. When the Klens protested they could not stop during the pour, Hoskinson told them to call Hawkinson. On December 29, 2004, they talked with Hawkinson who reviewed the status of the application with David Sprague, the chief plans reviewer. There are disputes as to the conversation but there is no dispute that the Klens voiced their displeasure about delay and criticized the competency of the City's employees.

In January, 2005, a question arose as to the subdivision plat. Richard Ball, an attorney retained by the Klens, discussed that matter with John Duval, the City attorney. The issue was resolved after collection of affidavits from all of the condominium owners and the special use approval was obtained on May 10, 2005.

In February 2005, the plaintiffs submitted inspection reports from their retained engineer for the foundation work. The City permitted inspections to be done by private firms.

On March 21, 2005, the Klens and their attorney, Ball, complained to City Manager Don Williams about the delay in issuing a building permit and the Klens referred to Duval and Hawkinson in very disparaging terms.

On March 29, 2005, Ed Klen had a confrontational meeting with Hawkinson who served him with a summons to appear in Loveland Municipal Court on May 23, 2005, to respond to alleged violations of the Municipal Code for working in violation of stop orders. Ed Klen appeared without an attorney and the matter was continued. The core and shell permit was issued on June 16, 2005.

Ed Klen retained Thomas French to defend the charges in municipal court. In response to a motion to dismiss for selective prosecution, Mr. Duval submitted an affidavit of Thomas Hawkinson, denying that he gave unofficial approval to proceed with construction and denying that he treated the Klens differently from other contractors.

Hawkinson prepared other violations without serving them as they were written. These were added to the charges against Ed Klen. The prosecution ended with a stipulation for deferred judgment and sentence on no contest pleas to 20 violations on March 28, 2006. Ex. 40.

This lawsuit was filed on February 16, 2007. This court's jurisdiction is provided by 28 U.S.C. § 1331 for claims of violations of the Fourteenth Amendment to the U.S. Constitution for violations of substantive due process rights, equal protection, procedural due process, unlawful search and retaliation for the exercise of First Amendment freedoms. State law claims of trespass, outrageous conduct and civil conspiracy are brought under supplemental jurisdiction, 28 U.S.C. § 1367.

Stated simply, the Klen brothers claim that because they had the temerity to criticize the competence of the Loveland planning and building departments, the defendants in their respective positions abused their authority, acting arbitrarily and oppressively. Such conduct, if shown to be motivated by malice, may give rise to a remedy under 42 U.S.C. § 1983 for a

violation of the Fourteenth Amendment's protection against governmental denial of due process of law. *Williams v. Berney,* 519 F.3d 1216 (10th Cir. 2008). In their motions for summary judgment the defendants assert that a necessary predicate for such a claim is a showing that there was a deprivation of a property right and that there is well established law in Colorado that preliminary proceedings to obtain a permit to build for a use by right in a zone district does not give rise to a vested right even if a municipality promises to issue the permit if changes are made in the application. *City of Aspen v. Marshall,* 912 P.2d 56 (Colo. 1996). That is too limited a reading of the protection against abuse of power by government officials.

The current concept of the scope of substantive due process is rooted in the language of the Supreme Court in *County of Sacramento v. Lewis*, 523 U.S. 833, 895 (1998). The protection is afforded to the individual against government power arbitrarily and oppressively exercised if the abuse of power rises to a level that shocks the conscience.

The plaintiffs also claim that they were denied the equal protection of the law in that they were singled out for treatment that was different from that afforded other builders in violation of the restriction of the Fourteenth Amendment. While this court dismissed that contention at a hearing on a motion to dismiss earlier in this case, there is support for such a class of one claim in *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28 (1st Cir. 2008) if the different treatment is motivated by a malicious or bad faith intent to injure.

These legal theories overlap in that recovery depends upon proof that the action or inaction of government employees was motivated by malice or ill will directed toward the plaintiffs.

The Plaintiffs suggest that comments made by the City Manager Williams, by the Chief

5

Building Official Hawkinson, by the City Attorney Duval and the clerks Burns and Worayeth are direct evidence of ill will. The statements are ambiguous and could be considered as expressions of annoyance or ill temper.

What is determinative is whether the plaintiffs have shown sufficient support for submission to a jury who may find that a fair inference from all of the circumstances is that the defendant intended to obstruct and delay the issuance of a building permit to injure the Klens and their businesses. Each of the defendants is entitled to individual analysis of the evidence against them both as to its sufficiency for liability and as to their defense of qualified immunity.

The City has been named as a defendant. Its liability depends upon a showing of a custom or policy that causes a constitutional violation. Thomas Hawkinson had the final authority to issue the permit. It can be said that as the decision maker his actions were those of the City. The difficulty with the claim of municipality liability is that the plaintiffs have attempted to make the case that there was a common practice to allow construction to begin while an application was pending and before a permit issued and that Hawkinson's stop work orders were contrary to that common practice. Accordingly, the delay in this case was so different from what the Klens would expect from past experience of them and others that it can only be explained by an intent to harm the plaintiffs' business. That defeats the claim against the City.

Hawkinson is the key defendant in this action because he had decisional authority both as to the processing of the applications and the issuance of the stop work orders giving rise to the prosecution of Ed Klen. Key to the claim of his liability is the plaintiffs' contention that he gave oral approval for commencement of work and that he falsely denied that fact in the affidavit filed

with the Municipal Court.  The factual disputes on these matters are not to be resolved on summary judgment.  Adopting the testimony of Stephen and Edward Klen at face value, there is insufficient evidence to justify a finding that Hawkinson intended to injure the plaintiffs' business by causing the delays in processing the application or in the enforcement of the violations of the Municipal Code.  At best, it can be said that he was derelict in his duty as a supervisor and acted out of annoyance and aggravation with the Klens' persistent demands and criticisms.  The prosecution of the ordinance violations was warranted by the facts even if it could be criticized for the unfairness in accumulating unserved notices of daily violations resulting in a multiplication of charges.

In sum, the plaintiffs have failed to produce adequate evidence to warrant submission to a jury of the essential element of malice or arbitrariness that shocks the conscience as to defendant Hawkinson.  That insufficiency is also a basis for finding that he is entitled to qualified immunity.

The plaintiffs made much of the alleged false statements in Hawkins's affidavit used in the prosecution of Ed Klen.  Assuming that those allegations can be proved, there is no causal connection between that affidavit and the outcome of the prosecution.  It was relevant to the selective prosecution defense but not to the merits of the case which Ed Klen did not contest by proceeding to trial.

To the extent that the plaintiffs contend that Hoskinson's entry onto the property was an illegal search in violation of the Fourth Amendment, the facts do not support the claimed violation even if it is shown that Hawkinson directed the inspection.

Kristine Burns worked as a permit coordinator, starting in March 2005, who is accused of

losing plans for a period of time, incorrectly calculating capital expansion fees, forging Ed Klen's name on the permit application and retaliation for the Klen's criticisms. These accusations, if proven, are insufficient to support liability for constitutional torts or as causes for the delays for which damages are sought.

Greg George as director of community services had oversight of the City's planning and building divisions. There is no evidence of his personal participation in any conduct causing delay in processing the application.

David Sprague worked as a plan reviewer who received the plans submitted on August 12, 2004 and did not act on them. An additional set was provided on April 27, 2005. He gave his approval on May 11, 2005. While that delay may be characterized as a failure to perform his duty, there is no evidence sufficient to warrant a finding that he was motivated by malice or an intent to harm the plaintiffs' business.

John Duval has prosecutorial immunity for the proceedings in Loveland Municipal Court on the violations charged to Ed Klen. The plaintiffs assert that he assisted in drafting Hawkinson's affidavit said to be false but, as noted above, that affidavit was not material to the merits of the case.

Mr. Duval is also accused of intentionally delaying the special use review by refusing to cooperate with Mr. Ball in resolving the plat issue. There is nothing to indicate that there was anything but a difference in professional opinions as to what was necessary for a cure of the problem. Additionally, the special use review was not a necessary condition to approval of a core and shell permit.

Finally, the evidence is insufficient to find that Mr. Duval bore any animosity to the

Klens or their lawyer.

The claims against Cindy Worayeth were dismissed at oral argument on June 1, 2010.

The plaintiffs have asserted that the defendants all acted in retaliation for complaints and criticism the Klen brothers were making and that they should be held liable for First Amendment violations. These protestations were not public statements and were all within the context of interactions with the defendants. That is not protected speech.

Upon the findings and conclusions that the plaintiffs have failed to provide sufficient support for the claims made under 42 U.S.C. § 1983, there is no supplemental jurisdiction to proceed on the state law claims.

It is now

ORDERED, that the defendants' motions for summary judgment are granted and the Clerk shall enter judgment for all defendants, dismissing all federal law claims against them and this civil action, with an award of statutory costs.

Dated: June 25th, 2010

                                        BY THE COURT:

                                      s/Richard P. Matsch

                                      _____

       .                               Richard P. Matsch, Senior District Judge